**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MICHAEL SCOTT HANSON** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **VS.** | § | Civil Action No. 5:17-CV-447-DAE |
| | § | |
| **CITY OF GONZALES, TEXAS AND** | § | |
| **COUNTY OF GONZALES, TEXAS** | § | |
|     **Defendants.** | § | |

**DEFENDANT GONZALES COUNTY, TEXAS' REPLY TO PLAINTIFF'S RESPONSE TO IT'S MOTION TO DISMISS *PLAINTIFF'S ORIGINAL PETITION* PURSUANT TO RULE 12(b)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Gonzales County, Texas, files this it's Reply to Plaintiff's Response to it's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully show the court the following:

***a.*** ***Plaintiff's negligence, conspiracy, false imprisonment, intentional infliction of emotional distress, malicious prosecution and business torts claims should be dismissed***

1. Plaintiff, in his Response, states "nowhere in his original petition did Plaintiff claim to file a claim under 42 U.S.C. § 1983." D.E. 5, ¶ 5. Plaintiff further states "Plaintiff requests that all allegations and claims concerning federal claims be stricken from the record." D.E. 5, ¶ 7. Therefore, Plaintiff is attempting to make claims brought under state law. However, there is no waiver of Gonzales County's entitlement to governmental immunity for said state law claims and, as such, Plaintiff's claims should be dismissed. The only way Plaintiff can bring tort claims is if the Texas Tort Claims Act provides a limited waiver of immunity for Plaintiff's claims—which it does not. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Dallas County Mental Health & Mental Retardation v. Bossely*, 968 S.W.2d 339, 341

(Tex. 1998); *State v. Kreider*, 44 S.W.3d 258, 262 (Tex. App.-Fort Worth 2001, no pet. h); *Lamar Univ. v. Doe*, 971 S.W.2d 191, 197 (Tex. App.-Beaumont 1998, no pet.); *Tex. Parks & Wildlife Dep't v. Garrett Place, Inc.*, 972 S.W.2d 140, 143 (Tex. App.-Dallas 1998, no pet.). Plaintiff's negligence claim does not fall within the Texas Tort Claims Act's limited waiver of immunity—as it does not involve the operation or use of a motor driven vehicle or equipment nor the misuse of tangible personal property. *Kerrville State Hop. V. Clark*, 923 S.W.2d 582, 584 (Tex. 1996); *Salas v. Wilson Memorial Hosp. Dist.*, 139 S.W.3d 398, 403 (Tex. App.-San Antonio 2004, no pet.). Under Texas law, there is no waiver of immunity for intentional torts (conspiracy, false imprisonment, intentional infliction of emotional distress, malicious prosecution and business torts) under the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (Vernon 2017); *Midland Indep. Sch. Dist. v. Watley*, 216 S.W.3d 374, 382 (Tex. App.—Eastland 2006, no pet.). As such, Gonzales County, Texas is entitled to immunity (including immunity from suit) from whatever claims Plaintiff is attempting to assert and said claims should be dismissed.

2.      Furthermore, even if there was a waiver of immunity for Plaintiff to bring a state law claims, those claims fail as they are time barred as Plaintiff failed to satisfy the notice provision under the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE § 101.101 (Vernon 2017).

**b.      *Chapter 110 of the Texas Civil Practice and Remedies Code***

3.      Plaintiff, in his Response, makes the statement that he is bringing a claim under Chapter 110 of the Texas Civil Practice and Remedies Code. Chapter 110 is not applicable to this lawsuit. Chapter 110 is titled "Religious Freedom" and states the government may not substantially burden a person's free exercise of religion. TEX. CIV. PRAC. & REM. CODE §

2

110.003 (Vernon 2017).  Nowhere is Plaintiff's Petition is there a mention of his exercise of religion.

4.      In addition, any claim under Chapter 110 is time-barred as the statute of limitations to make such a claim is one (1) year.  TEX. CIV. PRAC. & REM. CODE § 110.007 (Vernon 2017). Plaintiff alleges that he was arrested in October 2015.  He did not file his claim until April 2017.  Well past the one (1) year statute of limitations.

5.      As such, Plaintiff's claims under Chapter 110 should be dismissed.

### c.      *Plaintiff's First Amendment Claim*

6.      Since Plaintiff is not bringing his claims under federal law, Gonzales County can't determine which state law statute Plaintiff is attempting to bring his First Amendment claim under.   In the event Plaintiff is able to find a Texas statute to bring his state law First Amendment claim, the claim still must fail as Gonzales County had no involvement whatsoever in any alleged violation of Plaintiff's First Amendment rights.  The basis for Plaintiff's First Amendment claim is that he was arrested in violation of his First Amendment right.  In fact, his arrest is the only possible time a First Amendment violation could have occurred.  However, Gonzales County had no involvement in his arrest.  Plaintiff was arrested by the City of Gonzales Police Department—not Gonzales County.  Gonzales County's only involvement with Plaintiff after his arrest was that Plaintiff was housed at the County detention facility and that the Gonzales County Attorney's Office prosecuted Plaintiff.  With regard to Plaintiff being housed at the Gonzales County detention facility, Gonzales County was obligated by law to hold Plaintiff until he posted bond when the City of Gonzales Police Department brought Plaintiff to the detention center.  Furthermore, any claim against Gonzales County Attorney's

Office for prosecuting Plaintiff is barred because Gonzales County Attorney's Office is entitled

to prosecutorial immunity.  As such, Plaintiff's First Amendment claim should be dismissed.

WHEREFORE PREMISES CONSIDERED, Gonzales County, Texas prays that the

Court to dismiss all claims asserted by Plaintiff against Gonzales County, Texas for failure to

state a claim and such other and further relief to which it may show itself be justly entitled.

Respectfully submitted,

CULLEN, CARSNER, SEERDEN & CULLEN, L.L.P.
119 South Main Street (77901)
Post Office Box 2938
Victoria, Texas 77902-2938
(361) 573-6318; (361) 573-2603 Fax

By: /s/ Casey T. Cullen
      Casey T. Cullen, State Bar No. 24073121
      ATTORNEYS FOR DEFENDANT GONZALES
      COUNTY, TEXAS

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading has been served on all counsel of record and Plaintiff on this the 23rd day of June, 2017 via ECF electronic notice and to Plaintiff by certified mail return receipt requested in compliance with Rule 5 of the Federal Rules of Civil Procedure.

/s/ Casey T. Cullen
      Casey T. Cullen